IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HEIDI WODIUK, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>PUEBLO COUNTY SHERIFF'S DEPARTMENT OFFICER CAITLYN GRAZIANO, in her individual and official capacity,<br><br>　　　　　　　　Defendant. | **REPORT & RECOMMENDATION TO GRANT NON-PARTY SPILLMAN TECHNOLOGIES INC.'S MOTION TO QUASH SUBPOENA FAXED TO UTAH FOR CASE PENDING IN DISTRICT OF COLORADO**<br><br>D. Utah No. 2:15-MC-893-DB-EJF<br><br>[RE: D. Colo. Civil Action No.: 1:14-cv-02931-WJM-CBS] |

　　　　This Matter comes before the undersigned on non-party Spillman Technologies, Inc.'s ("STI") Motion to Quash Subpoenas for the case pending in the District of Colorado, pursuant to Fed. R. Civ. P. 41(d)(3)(A)(ii, iii and iv), and being fully advised in the premises,

　　　　Hereby **RECOMMENDS GRANTING** non-party Spillman Technologies, Inc.'s Motion, and **QUASHING** the Subpoena due to ineffective service, incorrect party, and the undue burdens it seeks to impose on STI.

　　　　Pursuant to FED. R. CIV. P. 45(b)(1), a party cannot, themselves, serve a subpoena. Additionally, Rule 45(a)(1)(A)(iv) requires that a subpoena set forth the text of Rule 45(d) and (e) which was not done.  Further, the Subpoena is addressed to Spillman Software Company not STI.  On those bases alone, the Subpoena is ineffective as delivered by the Plaintiff to STI's offices.  Moreover, STI has no information responsive to this vague request as STI sells software but does not store such information for its clients on premises.  Thus, it does not appear to the Court that compliance should be had in Utah from this Utah company for the case pending in Colorado, nor does STI appear to have any information specified in the Subpoena.

Accordingly, the Court finds there is an undue burden of responding to the Subpoena at this time, and given the current irrelevance of the information requested, to be such that the Court must, under Rule 41(d)(3)(A)(ii, iii, and iv), quash the Subpoena.

The Court further notes that, even if the scope of the Subpoena were proper, it appears that numerous defects were present in the Plaintiff's service effort and that, in the end, STI was not properly served. Moreover, the undersigned gave the Plaintiff the full seventeen days to respond to the Motion in writing and received no response as of the date of below. Additionally, the undersigned set a telephonic hearing in this matter for January 12, 2016 and provided notice and call in information to the Plaintiff by mail. Nonetheless, the Plaintiff did not call in for the telephonic hearing, despite the undersigned's allowing a fifteen minute grace period before commencing the hearing.

While the Court is sensitive to the complexity of its Rules, the fact that a party is *pro se* does not provide that party an excuse against compliance with the Court's rules.

DATED this 12th day of January, 2016.

BY THE COURT:

*[signature]*

EVELYN J. FURSE
United States Magistrate Judge